IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ASHLEY N. FOX,                       )
                                     )
            Plaintiff,               )
                                     )
v.                                   )   Case No. CIV-15-369-KEW
                                     )
NANCY A. BERRYHILL, Acting           )
Commissioner of Social               )
Security Administration,             )
                                     )
            Defendant.               )

**OPINION AND ORDER**

Plaintiff Ashley N. Fox (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 28, 1975 and was 38 years old at the time of the ALJ's decision. Claimant completed her high school education and two years of college course work. Claimant has worked in the past as a tax preparer, call center customer service representative, waitress, dishwasher, and assembly line worker. Claimant alleges an inability to work beginning April 15, 2009 due to limitations resulting from him pain after a automobile accident resulting in a broken femur.

**Procedural History**

On May 1, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On September 19, 2013, an administrative hearing was held before Administrative Law Judge ("ALJ") Doug Gabbard, II in McAlester, Oklahoma. He issued an unfavorable decision on March 21, 2014. The Appeals Council denied review of the ALJ's decision on July 22, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work. He also determined Claimant could perform medium work at step five.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) finding Claimant's anxiety and panic attacks as not medically determinable; (2) failing to perform a proper determination at step four; and

(3) failing to perform a proper credibility determination.

**Consideration of Medically Determinable Condition**

In his decision, the ALJ found Claimant suffered from the severe impairments of remote residuals of motor vehicle accident, including fractures of the leg, hip, and ankle and history of right humerus fracture. (Tr. 28). After consulting with a vocational expert, the ALJ determined Claimant retained the RFC to perform her past relevant work as a call center customer service representative and as a tax preparer. (Tr. 33). He also found at step five that Claimant could perform medium work with the ability to alternately sit and stand every 60 minutes or so for the purpose of changing positions but without leaving the workstation. (Tr. 29). As a result, the ALJ determined Claimant was not under a disability from April 15, 2009 through the date of the decision. (Tr. 34).

Claimant first contends that the ALJ failed to include her anxiety and panic attacks as either a severe or non-severe impairment. Claimant relies most heavily upon the report of Dr. Eric Broadway which was not available to the ALJ for his decision but was provided to the Appeals Council for its consideration. (Tr. 11-15). The Appeals Council determined that Dr. Broadway's report was not relevant in time, since the ALJ's decision included the time period through March 21, 2014 and the report involved a later time. (Tr. 2). Dr. Broadway found Claimant suffered from

5

alcohol dependence, cannabis abuse, PTSD, and obsessive compulsive disorder. (Tr. 13). Although he recognized a past diagnosis for anxiety disorder, NOS (Tr. 12) based solely upon Claimant's subjective statements to him, he did not make the same diagnosis.

The regulations permit the submission of evidence to the Appeals Council if it is new, material, and related to the period on or before the date of the ALJ's decision. Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). It is assumed that the evidence meets the criteria if the Appeals Council accepts the evidence. Krauser v. Astrue, 638 F.3d 1324, 1328 (10th Cir. 2011). Whether evidence is "new, material and chronologically pertinent is a question of law subject to our *de novo* review." Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003).

Dr. Broadway's report is new - it was not before the ALJ when he made his decision - but not material - the ALJ's decision would not have reasonably have been different if the new evidence had been before him when the decision was rendered. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996); Cagle v. Califano, 638 F.2d 219, 221 (10th Cir. 1981). The evidence is also not period relevant. The Appeals Council did not err in failing to reverse and remand the case to the ALJ for consideration of Dr. Broadway's report.

An evaluation of the remainder of the medical record does not

6

offer support for Claimant's position on the severity of her anxiety and panic attacks. The ALJ found Claimant received no mental health treatment during the relevant period, took no medication for the condition, and no continuing signs of the condition when examined by the consultative physician. (Tr. 29). Additionally, Claimant testified that she did not experience anxiety a lot anymore. (Tr. 61). She also testified that anxiety does not have a big impact on her daily functioning, other than driving. (Tr. 65).

Claimant bears the burden of establishing a medically determinable impairment by "medical evidence consisting of signs, symptoms, and laboratory findings, not only by [Claimant's] statement of symptoms." 20 C.F.R. §§ 404.1508, 404.1512(c). The medical record simply does not support a finding that Claimant's anxiety constitutes a medically determinable impairment.

**Step Four Analysis**

Claimant also challenges the adequacy of the ALJ's step four findings. Claimant contends the ALJ's finding that she could return to her call center job and tax preparer job was based upon on RFC which contained no mental impairments. Claimant essentially makes the same argument concerning the inclusion of her anxiety at step four and in the questioning of the vocational expert. Since this Court has found her anxiety was not medically determinable,

7

the ALJ was not required to include the condition in his questioning or in the RFC.

Claimant also asserts the ALJ failed to perform the necessary phased evaluation at step four. In analyzing Claimant's ability to engage in her past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023 (10th Cir. 1996). This Court has determined that the ALJ's RFC assessment was not erroneous.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. <u>Id</u>. In making this determination, the ALJ may rely upon the testimony of the vocational expert. <u>Doyal v. Barnhart</u>, 331 F.3d 758, 761 (10th Cir. 2003). The vocational expert testified as to the *DOT* classification of the job. (Tr. 63). The ALJ also inquired of Claimant as to the demands of her past employment. (Tr. 64-65). The ALJ satisfied his obligation at the second phase in ascertaining the requirements of her jobs as call center customer service representative and tax preparer.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. <u>Winfrey</u>, 92 F.3d at 1023. The ALJ asked the vocational expert whether someone at Claimant's determined RFC could perform the jobs which constituted

Claimant's past relevant work. The vocational expert stated Claimant could perform the past relevant work of call center customer service and tax preparer. (Tr. 65-66). Consequently, the ALJ fulfilled his obligation in the third phase. This Court finds no error in the ALJ's step four analysis.

**Credibility Determination**

The ALJ found Claimant was not "entirely credible." (Tr. 30). He based this conclusion upon a finding that she left her job as a tax preparer because it ended rather than because her impairments prevented her from effectively doing the job. (Tr. 32, 53). The ALJ discounted Claimant's credibility on the limiting nature of her impairments based upon a lack of medical treatment in the record, the fact that a consultative evaluation by Dr. Ronald Schatzman found relatively unremarkable examination findings, and a lack of a continuing need for medication - all of which worked against a finding of disabling pain. (Tr. 31-33).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility

include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements. The nature of Claimant's treatment, the objective medical testing, and the inconsistencies between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore,

10

this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 30th day of March, 2017.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE